# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LORAYNE E. SOUDERS,<br><br>        Plaintiff<br><br>v.<br><br>BANK OF AMERICA, et al.,<br><br>        Defendants | CIVIL ACTION NO. **1:12-CV-1074**<br><br>(CONNER, C.J.)<br>(MEHALCHICK, M.J.) |

## **REPORT AND RECOMMENDATION**

Plaintiff Lorayne E. Souders,[1] proceeding *pro se*, filed this Amended Complaint on January 2, 2013. (Doc. 23). Before this Court is a Motion to Dismiss Plaintiff's First Amended Complaint with prejudice brought by Defendants Bank of America, N.A. (hereinafter "BANA"), Bank of New York, Mellon Trustee CWABS 2007-12 Asset-Backed Certificates (hereinafter "BNYM"), and MERSCORP (hereinafter "MERS"). (Doc. 31). Defendants' Motion, having been fully briefed, is ripe for disposition.

I. **BACKGROUND AND PROCEDURAL HISTORY**

On June 26, 2007, Plaintiff executed an Adjustable Rate Note and Mortgage refinance with Countrywide Home Loans (n/k/a Bank of America) in the amount of $120,000.00. (Doc. 23, Am. Compl. ¶ 10). In 2009, she defaulted on her loan. (Doc. 46 at 9). In August 2009, BAC Home Loans sent monthly statements showing amounts owing that differed by approximately $34.00. (Doc. 23, Am. Compl. ¶ 2, Ex. A). In early 2011, Plaintiff received a notice that as of

---

[1] Since filing this Complaint Plaintiff Souders has changed her name to Souders-Neely.

July 1, 2011, the loan servicer name would change from BAC Home Loans Servicing LP to Bank of America, N.A. ("BANA"). (Doc. 23, Am. Compl. ¶ 3, Ex. B). When she went to the York County Register of Deeds office, Plaintiff discovered that on October 14, 2011, her mortgage had been assigned by MERS to BNYM.

On April 17, 2012, Plaintiff submitted a "qualified written request" to Defendant BANA asking for debt validation. (Doc. 23, Am. Compl. ¶ 4). On July 17, 2012, BANA responded and confirmed that BNYM was the creditor of the loan and advised Plaintiff that a loan history and copies of the Note and Mortgage were attached. (Doc. 23, Am. Compl., Ex. C). On June 20, 2012, Plaintiff received a response to an e-mail sent to Defendant BNYM asking for information on her debt. BNYM responded stating that they could not provide information because they were not an investor and did not physically own the loan or property. (Doc. 23, Am. Compl. ¶ 6, Ex. E). On July 27, 2012, BNYM filed a foreclosure action against Plaintiff. (Doc. 23-4, Am. Compl., Ex. D). On August 2, 2012, Souders filed a Motion to Dismiss the foreclosure complaint. The foreclosure case was voluntarily discontinued without prejudice on August 3, 2012.

On June 6, 2012, Plaintiff filed a complaint in the Pennsylvania Court of Common Pleas, York County Civil Division under the Docket Number 2012-SU-001845-93. This matter was removed to the United States District Court for the Middle District of Pennsylvania by Defendants BANA, BNYM, and MERS by Notice of Removal under 28 U.S.C. § 1446(d). (Doc. 1).

On December 6, 2012, Magistrate Judge Blewitt entered a Report and Recommendation (Doc. 20) dismissing all of Plaintiff's claims with prejudice except for her Fair Debt Collection

Practices Act ("FDCPA") claims, which he recommended be dismissed with leave to file an amended complaint. On December 17, 2012, Plaintiff filed a Motion for Leave to File an Amended Complaint, and on January 2, 2013, she filed a "First Amended Complaint." ([Doc. 23](#)). On January 10, 2013, Defendants moved to strike the Amended Complaint as prematurely filed. On February 6, 2013, the Court adopted Judge Blewitt's Report and Recommendation ([Doc. 30](#)), denied Defendants' Motion to Strike, and granted Plaintiff leave to amend her FDCPA claim, deeming the Amended Complaint of January 2, 2013 filed.[2]

In Defendants' Motion to Dismiss Plaintiff's original complaint, Defendants argued that Plaintiff's FDCPA claim should be dismissed with prejudice because: (1) she did not allege violations of any specific section of the FDCPA; (2) she did not allege that any of the defendants were "debt collectors" under the FDCPA; (3) she did not allege any abusive, confusing or otherwise improper behavior; and (4) she did not allege that Defendants engaged in any debt collection activity. ([Doc. 8 at 13](#)). The Court concluded that Defendants were debt collectors under the definition of a debt collector as defined by [15 U.S.C. § 1692a(6)](#) of the FDCPA, but that the Plaintiff failed to properly allege a claim under the FDCPA because she did not allege her claim with factual sufficiency, but rather legal conclusions. *See* Report and Recommendation of December 6, 2012 ([Doc. 20 at p.25](#))("… there is no question that

---

[2] Plaintiff was only granted leave to amend her complaint with respect to the FDCPA claims. *See* Report and Recommendation of December 6, 2012 ([Doc. 20](#)), adopted by Order of February 6, 2013 ([Doc. 30](#)). Despite the Court's Order, Plaintiff, in her Amended Complaint, alleges violations based on claims that have been dismissed by this Court <u>with prejudice</u>. As this Court has already dismissed these claims, this Report and Recommendation will address only those claims made pursuant to the FDCPA.

Defendants are indeed debt collectors under the definition of a debt collector as defined by 15 U.S.C. § 1692(a)(6) of the FDCPA"), adopted by Order of February 6, 2013 (Doc. 30). Defendants have now moved to dismiss Plaintiff's Amended Complaint. (Doc. 31). Specifically, Defendants submit that Plaintiff's Amended Complaint should be dismissed because Plaintiff lacks standing with regard to her attacks on the securitization of her loan and Mortgage Assignment, and for failure to state a claim upon which relief may be granted under the FDCPA. (Doc. 46, Def. Supp. Br.).

II. **DISCUSSION**

    A. STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to "state a claim that relief is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 433, 570 (2007)). In *Iqbal*, the United States Supreme Court emphasized, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1950. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *McTernan v. City of York*, 577 F.3d 521, 530 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)).

In *McTernan*, the Third Circuit Court of Appeals set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions in *Twombly* and *Iqbal*. The District Court should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Iqbal*, 129 S.

Ct. at 1949. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips v. Co. of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008). Where the well-pleaded facts do not permit the district court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not shown – that the pleader is entitled to relief. *Iqbal*, 129 S. Ct. at 1949. This "plausibility" determination will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.*

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *See Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994); *Jobe v. Bank of Am., N.A.*, 2013 WL 1402970 (M.D. Pa. Apr. 5, 2013).

Additionally, it is important to note that the court is required to liberally construe a *pro se* plaintiff's pleadings. "[H]owever inartfully pleaded," the "allegations of [a] *pro se* complaint [are

held] to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). In doing so, the court is to "apply the applicable law irrespective of whether a *pro se* litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 687 (3d Cir. 2002). However, despite the less stringent standards allowed *pro se* litigants, a court need not credit a plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir.1997).

### B. THE FAIR DEBT COLLECTION PRACTICES ACT

Under the Fair Debt Collection Practices Act ("FDCPA"), debt collectors are restricted from using unfair collection methods and from making misleading or false representations. 15 U.S.C. §§ 1692e, 1692f. "The primary goal of the FDCPA is to protect consumers from abusive, deceptive, and unfair debt collection practices, including threats of violence, use of obscene language, certain contacts with acquaintances of the consumer, late night phone calls, and simulated legal process." *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1324 (7th Cir. 1997)(citation omitted). "A basic tenet of the Act is that all consumers, even those who have mismanaged their financial affairs resulting in default on their debt, deserve the right to be treated in a reasonable and civil manner." *Id.* (citation omitted). "In the most general terms, the FDCPA prohibits a debt collector from using certain enumerated collection methods . . . to collect a 'debt' from a consumer." *Bass*, 111 F.3d at 1324. The FDCPA prohibits debt collectors from: engaging in conduct "the natural consequence of which is to harass, oppress, or abuse any person," 15 U.S.C. § 1692d; from using "any false, deceptive, or misleading representations or means in connection with the collection of any debt," 15 U.S.C. § 1692e; or from using unfair or unconscionable means to collect or attempt to collect any debt," 15 U.S.C. § 1692f.

Consumers have a private cause of action against debt collectors. 15 U.S.C. § 1692k. "The FDCPA is a strict liability statute to the extent it imposes liability without proof of an intentional violation." *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 368 (3d Cir. 2011). Further, the FDCPA is a "remedial statute" and courts construe the FDCPA broadly to ensure its purpose to protect all consumers, even the least sophisticated consumers, is given effect. *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006) (citations omitted).

C. PLAINTIFF HAS FAILED TO ALLEGE ANY FACTS SUFFICIENT TO STATE A CLAIM.

Defendants move to dismiss Plaintiff's Amended Complaint because Defendants submit that the Defendants are not debt collectors as defined by the FDCPA, and further that Plaintiff has failed to allege any facts sufficient to state a claim under the FDCPA. The District Court has already determined that Defendants are debt collectors. *See* Report and Recommendation of December 6, 2012 (Doc. 20 at p.25), adopted by Order of February 6, 2013 (Doc. 30). However, in her Amended Complaint, Plaintiff has failed to provide facts sufficient to allege any debt collection violations. Pursuant to the Federal Rules of Civil Procedure, the plaintiff must allege enough facts to state a claim that is plausible on its face. Fed. R. Civ. P. 8(a). Souders has failed to allege sufficient facts of an actionable communication that is prohibited by the FDCPA.

While Plaintiff does provide more detailed allegations in her Amended Complaint than the threadbare recitals of her original Complaint, she still does not state facts sufficient to support a claim that any of the Defendants engaged in fraudulent activities. While she does occasionally cite to specific FDCPA provisions, she still fails to "link each alleged violation of the FDCPA to the predicate factual allegations giving rise to the violation in order to state a

claim under Fed. R. Civ. P. 8." *Kimmel v. Phelan Holliman & Schmieg, PC*, 847 F.Supp.2d 753, 769-70 (E.D. Pa. 2012).

### 1. Plaintiff has failed to state a claim against MERS.

Plaintiff asserts that MERS misrepresented the debt in assigning the collateral and that this violated §1692f of the FDCPA. Section 1692f(6)(A) states that a debt collector is in violation of the statute if "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if there is no present right to possession of the property claimed as collateral through an enforceable security interest." 15 U.S.C. §1692f(6)(A). Plaintiff appears to allege that MERS had no right to possession of the property because the assignment of the mortgage was fraudulently signed and improperly notarized, and thus the assignment was never valid.

Plaintiff has failed to state a claim against MERS or allege any facts that MERS violated the FDCPA. Her claim does not appear to be based on any violations of the FDCPA Plaintiff has not alleged any facts that MERS took or threatened to take property when it did not have a right to do so. . Instead, she is raising a claim regarding the merits of the assignment of the mortgage, a claim she alleged in her original complaint and that was subsequently dismissed <u>with prejudice</u> by this Court, when it held that Plaintiff did not have standing to challenge the Assignment of Mortgage that occurred on October 14, 2011.³ As Plaintiff has failed to allege

---

³ "… [I]t is well-established that a borrower (in this case, Plaintiff) does not have standing to challenge the validity of mortgage assignments, because, according to 6A C.J.S. Assignments § 132, 'the only interest or right which an obligor or a claim has in the instrument of assignment is to insure him or herself that he or she will not have to pay the same claim

any FDCPA violations against MERS, we recommend the Court **GRANT** Defendants' Motion to Dismiss, with prejudice, the FDCPA claims against Defendant MERS.

### 2. Plaintiff has failed to state a clam against BNYM.

Plaintiff alleges that BNYM violated two sections of the FDCPA: section 1692g, related to the validation of debts, and section 1692f, related to unfair practices.

    a. §1692f

Plaintiff alleges that because BNYM was not the correct party that owned the note, it had no right to foreclose and thus the foreclosure was in violation of §1692f. (Doc. 23, Am. Compl. at 14). Defendants argue that the crux of Plaintiff's claims against BNYM is not related to any illegal debt collection practices under the FDCPA, but rather Plaintiff's complaint consists of arguments concerning who currently owns and services the loan. (Doc. 46, Def. Supp. Br. at 6-7).

This Court has previously determined that Plaintiff does not have standing to challenge the Assignment of Mortgage to BNYM. *See* Report and Recommendation of December 6, 2012 (Doc. 20), adopted by Order of February 6, 2013 (Doc. 30). In her Amended Complaint, Plaintiff again alleges that because BNYM was not the proper party to the assignment, it violated §1692f of the FDCPA. In further support of that claim, Plaintiff asserts that she received confusing notices about whether BNYM was the owner of the loan. In response to her

---

twice.' … [W]e find futility and prejudice to Defendants in allowing Plaintiff to amend her stated claims against Defendants, and we will not recommend that the Court grant Plaintiff leave to file an amended complaint regarding these claims." (Doc. 20 at pp. 19-20, adopted by Order of February 6, 2013 (Doc. 30)).

April 17, 2012 letter asking for debt validation (Doc. 23-3, Ex. C), Plaintiff received a response letter dated July 11, 2012 from BANA's legal counsel. (Doc. 23-3 at 4, Ex. C). In that letter, counsel explicitly states: "The current owner of the note is The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificate holders of CWABS, Inc., Asset-Backed Certificates, Series 2007-12." Plaintiff asserts that letter conflicts with earlier information she received from BNYM which stated that "BNY Mellon is not an investor but a Trustee and therefore does not physically own the loan or the property." (Doc. 23-4, Am. Compl., Ex. D). This message was in response to a question regarding who services Plaintiff's loan. Both the letter in Exhibit C and the message in Exhibit D indicate that BANA is the servicer, and BNYM is the owner/trustee of the loan, in accordance with the already-discussed Assignment of Mortgage.

Despite Plaintiff including a reference to §1692f of the FDCPA, her Amended Complaint does not state a claim of illegal debt collection practices under the FDCPA, but rather reiterates her original claims regarding who currently owns and services the loan. Plaintiff has failed to allege sufficient facts that BNYM had no right to the property and thus violated the FDCPA under §1692f.

  b. §1692g

Plaintiff argues that BNYM violated §1692g because it had no right to initiate a foreclosure because the debt was being validated. (Doc. 23, Am. Compl. ¶ 4). Plaintiff argues that Defendant BNYM violated the FDCPA by "refusing to validate the debt, by not stopping debt collection during debt validation and by trying to wrongfully foreclose on her home." (Doc. 62, Pl. Opp. Br. at 32). Section 1692g requires cessation of debt collection until

verifications of timely disputed debts or creditor identities are sent to the debtor, and states that where a consumer notifies a debt collector in writing within 30 days that "the debt or any disputed portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt … until the debt collector obtains verification of the debt […]." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir.2000). Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the FDCPA. *Caprio v. Healthcare Revenue Recovery Group, LLC*, 709 F.3d 142, 148 (3d Cir. 2013); citing *Wilson*, 225 F.3d at 354 (citing *Miller v. Payco–General Am. Credits, Inc.*, 943 F.2d 482, 484 (4th Cir.1991)).

Plaintiff has failed to state a claim against BNYM or allege any facts that BNYM violated the FDCPA's validation requirements. Plaintiff fails to allege any facts that the debt was in the process of being validated. Her Amended Complaint only includes a conclusory allegation that the debt was being validated and therefore Defendant BNYM's foreclosure action against her on July 27, 2012 violated the FDCPA. Any arguable claim of ongoing validation occurred before July 27, 2012, and Defendant BANA's July 11, 2012 letter verifying Plaintiff's debt concluded any ongoing validation. (Doc. 23-3, Am. Compl., Ex. C). It is clear from the Amended Complaint and the exhibits attached thereto that the information required under §1692g was provided to her prior to the commencement of the foreclosure action. (Doc. 23). The Amended Complaint does not allege any facts which would establish that, after receiving the validation information on July 11, 2012, there was any further continuing validation. Therefore, Plaintiff fails to allege facts in her Amended Complaint sufficient to state a claim against Defendant BNYM pursuant to §1692g of the FDCPA.

For the foregoing reasons, we recommend this Court **GRANT** Defendants' motion with regard to Defendant BNYM.

### 3. Plaintiff has failed to state a claim against BANA.

Plaintiff states that BANA is in violation of the FDCPA for two reasons: (1) Plaintiff received a letter dated February 8, 2011[4] indicating that her loan would revert to the parent company BANA on July 1, 2011 and this letter contained misrepresentations; and (2) in August 2009, Plaintiff received confusing statements from BANA which showed varying amounts due. (Doc. 23-2, Am. Compl., Ex. B).

First, Plaintiff argues that the letter dated February 8, 2011 (Doc. 23-2, Am. Compl., Ex. B) indicates that BANA "stated falsely that CWABS was the note holder when the mortgage was not yet assigned at the time." (Doc. 23, Am. Compl. at 13). Plaintiff states that this was a false statement in violation of the FDCPA under §1692g. This Court will assume that Plaintiff meant to reference statute §1692e, which refers to false or misleading representations. Section 1692e provides that: "[a] debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt." 15 U.S.C. §1692e. The February 8, 2011 letter listed BONY (CWABS 2007-12) G1 ARMCCN as the creditor (Doc. 23-2, Am. Compl., Ex. B) and Plaintiff alleges that because the mortgage was not yet assigned by MERS to BNYM until October 14, 2011, this document is a false statement in violation of the FDCPA. (Doc. 23, Am. Compl. ¶ 8).

---

[4] Plaintiff incorrectly refers to this as "letter dated July 1, 2011" in her Amended Complaint. In actuality, the letter is dated February 8, 2011, and its content refers to a change that would go into effect July 1, 2011.

A notice that is merely information and contained no demand for payment in connection with the collection of any debt cannot be construed as a violation of the FDCPA, per the terms of 15 U.S.C. §1692e. *See Oppong v. First Union Mortgage Corp*, 326 Fed. Appx. 663, 2009 WL 1220734 (3d Cir. May 6, 2009) (affirming district court's finding that Wells Fargo's notice that it had acquired servicing rights did not trigger provisions of the FDCPA and did not constitute debt collection activity). Additionally, for a statement to be actionable under §1692e of the FDCPA, an allegedly false or misleading statement must have been material. *See Rogozinski v. NCO Financial Systems, Inc.*, 2012 WL 5287896 (E.D.Pa. October 25, 2012). An immaterial statement which is false in some technical sense will not mislead the unsophisticated consumer and does not violate the FDCPA. *Rogozinski v. NCO Financial Systems, Inc.*, 2012 WL 5287896, *6 (E.D.Pa. October 25, 2012). (citing *Wahl v. Midland Credit Mgmt.*, 556 F.3d 643, 645-46 (7th Cir. 2009)). *See also Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 596 (6th Cir. 2009); *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033-34 (9th Cir. 2010); *Lorandeau v. Capital Collection Serv.*, No. Civ.A.10-3807, 2011 WL 4018248, at *8 (E.D. Pa. Sept. 8, 2011) ("The approach of the Sixth, Seventh, and Ninth Circuits to technical falsity is persuasive.").

This Court agrees that this approach is persuasive. We find that Plaintiff has failed to allege facts sufficient to sustain a claim under the FDCPA. Plaintiff is correct that at the time of the letter the mortgage had not yet been assigned, and the creditor was not BNYM (f/k/a BONY CWABS). MERS did not assign the mortgage to BNYM until October 2011. However, this technically incorrect information does not support a claim in violation of the FDCPA. The statement sent by Defendant BANA was false insofar as it indicated that BNYM was the creditor. Yet sending the notice could not be a "means to collect" the debts Defendants allege

that Plaintiff owed because the sole purpose of the notice was information. Even assessing BANA's conduct from the perspective of "the least sophisticated debtor," we find that the mislabeled notice is insufficient to state a FDCPA claim against Defendant BANA. *See Dixon v. Law Offices of Peter E. Meltzer & Assocs., P.C.*, 2007 U.S. Dist. LEXIS 6199 (E.D.Pa. January 26, 2007) (mislabeled deposition notice sent to debtor was insufficient to state a FDCPA claim); *see also Brown v. Card Serv. Ctr.*, 464 F.3d 450, 454 (3d Cir. 2006) (setting standard for assessing communications from lenders to debtors). Furthermore, the letter's purpose was to inform the consumer that the servicer had changed from BAC Home Loans Servicing, LP to Bank of America, N.A. The fact that the fine print named BONY n/k/a BNYM as the creditor appears to be immaterial to the purpose of the servicing notice. It is not this sort of technicality that the FDCPA was enacted to address.

Lastly, Plaintiff states that in August 2009, BAC Home Loans n/k/a BANA sent monthly statements to Plaintiff showing amounts owing that differed by approximately $34.00. (Doc 23; Am. Compl. ¶ 2, Ex. A). Plaintiff states that these statements were confusing and misleading, and thus violate the FDCPA. (Doc. 23, Am. Compl. at 13). Plaintiff does not allege which part, if any, of the FDCPA these actions may violate. Liberally construing the complaint, this Court will assume Plaintiff is basing her claim on §1692e, false or misleading representations. This claim is barred by the statute of limitations governing claims under the FDCPA.

Claims of FDCPA violations must be filed within one year of the alleged occurrence. 15 U.S.C. § 1692k(d). Plaintiff filed her original complaint on April 30, 2012. Plaintiff states these alleged misrepresentations occurred in August 2009. Because any claims arising out of these

notices occurred in 2009, they are time-barred. Therefore, we recommend the Court **GRANT** Defendants' motion as to this claim.

### 4. Plaintiff fails to state a claim regarding threatening phone calls.

At one point in her Amended Complaint, Plaintiff states that she received "threatening telephone calls, threatening to report to credit agencies, and threatening to foreclose on property to actually filing foreclosure papers in attempt to collect on a debt." ([Doc. 23](), Am Compl. at 14). However, Plaintiff does not state who called her or on what basis she is claiming these threats violated the FDCPA. While "threatening telephone calls" are one of the primary reasons the FDCPA was enacted, Plaintiff has failed to allege any facts sufficient to show a FDCPA violation based on these conclusory allegations.

### III. RECOMMENDATION

Based on the foregoing, we recommend that the Court **GRANT** Defendants' Motion to Dismiss Plaintiff's Amended Complaint ([Doc. 31]()) with prejudice.

**BY THE COURT:**

Dated: **September 30, 2013**   *s/ Karoline Mehalchick*

**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LORAYNE E. SOUDERS,<br><br>        Plaintiff<br><br>    v.<br><br>BANK OF AMERICA, et al.,<br><br>        Defendants | CIVIL ACTION NO. **1:12-CV-1074**<br><br>(CONNER, C.J.)<br>(MEHALCHICK, M.J.) |

## REPORT AND RECOMMENDATION

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **September 30, 2013**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: September 30, 2013**                         *s/ Karoline Mehalchick*
                                                                                   **KAROLINE MEHALCHICK**
                                                                                   **United States Magistrate Judge**