# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LORAYNE E. SOUDERS,** | : | **CIVIL ACTION NO. 1:12-CV-1074** |
| **Plaintiff,** | : | **(Chief Judge Conner)** |
| v. | : | |
| **BANK OF AMERICA,** *et al.*, | : | |
| **Defendants.** | : | |

## <u>ORDER</u>

AND NOW, this 4th day of December, 2013, upon consideration of the motion (Doc. 75) to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) filed by *pro se* plaintiff Lorayne E. Souders ("Souders"), wherein Souders broadly takes issue with the court's order (Doc. 74) adopting the report and recommendation (Doc. 71) of Magistrate Judge Karoline Mehalchick and dismissing Souders' amended complaint (Doc. 23) with prejudice, and further objects to the court's earlier resolution of certain discovery and other motions,[1] and the court noting that Souders has failed to timely file a brief in support of her motion as required by the Local Rules, see Local Rule of Court 7.5 ("Within fourteen days after the filing of any motion, the party filing the motion shall file a brief in support of the motion . . . . If a supporting brief is not filed within the time

---

[1] Souders is correct that neither a magistrate judge nor the undersigned issued a memorandum directly resolving her motion to compel discovery (Doc. 70) filed on September 16, 2013. In resolving the defendants' Rule 12(b)(6) motion to dismiss, the magistrate judge concluded, and the undersigned agreed, that the allegations in Souders' pleading were insufficient to state a claim for which relief could be granted even if those allegations were to be proved through discovery. (<u>See</u> Docs. 71, 74). Souders' motion to compel discovery was thus mooted by the court's November 4, 2013 order dismissing her complaint pursuant to Rule 12(b)(6).

provided in this rule, the motion shall be deemed to be withdrawn."), and that the motion is thus procedurally defective, and the court also observing that Rule 59(e) is a device of limited utility and the relief contemplated therein is to be sparingly granted, and only when the moving party establishes either "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact to prevent manifest injustice," Mack's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1184, 1218 (3d Cir. 1995)), and finding that Souders' mere disagreement with the court's earlier rulings fails to satisfy any of these elements, and thus concluding that Souders' motion is without merit, it is hereby ORDERED that Souders' motion (Doc. 75) to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) is DENIED.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania